IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION



FILED
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 22 2021

JAMES W. McCORMACK, CLERK
By:_____
                            DEP CLERK

Lola Silas
       Plaintiff
V                                                          CIVIL NO. 4:20-cv-01426-BSM

Walgreen Co, et al.
       Defendant

**Settle Agreement and Release**

This Confidential Settlement Agreement and Release is made as of this day, 16th June, 2021 by and between Lola Silas (Plaintiff) and Walgreen Co., et al. (Defendant).

WHEREAS, on December 7th 2020 and Amended Complaint on May 4th 2021, Plaintiff commenced a Civil Action against Walgreen Co., Defendant in the United States District Court for the Eastern District of Arkansas Central Division, Civil Case 4:20-cv-1426-BSM.

Where as Defendant, Walgreen Co. et al., asserted certain defense(s) against Plaintiff, Lola Silas.

AND NOW, THEREFORE, for good and reasonable consideration, the receipt adequacy, and insufficiency of which is hereby acknowledged and intending to be legal bound, the parties agreed to as follows:

1. The foregoing recitals are expressly incorporated as part of the Settlement Agreement, and the Parties confirm and represent to one another that said Recitals are true and correct to the best of their knowledge, information, and belief.
2. **No Admission of Liability.** It is expressly understood that this Settlement Agreement and the settlement it represents are entered into solely for the purpose of allowing the

Parties to avoid further litigation. This Settlement Agreement does not constitute and admission by either Party of any wrongdoing, contractual obligation, or of any duty whatsoever, whether based in statute, regulation, common law, or otherwise, and each Party expressly denies that any liability or any such violation has occurred.

3. **Terms of Settlement.** In consideration for the plaintiff's release of claims and execution of this Settlement Agreement, and in exchange for the promises, waivers, and releases set forth in this Settlement Agreement, the Defendant agrees to pay $7500 to be issued as wages (minus the taxes normally withheld from a paycheck). to pay a certain amount of money to be issued as wages (minus the taxes normally withheld from paycheck) and another payment of $7500 in gross amount equaling to the agreement of settlement payment, for which the Defendant submitted a Form W-2. The Parties agree that the payment constitutes full compensation for all the Plaintiff's claims. The Parties acknowledge and agree that they are solely responsible for paying any attorney's fees and costs incurred in the process of Parties claims or defenses and that neither Party nor its attorneys will seek any award of attorney's fees or costs from the other Party, except as expressly provided herein.

4. **Tax Consequences.** The Parties make no representations regarding the Settlement Agreement's tax consequences. Each Party agrees that it will not assert a claim against the other Party for the payment or reimbursement of any tax consequences resulting form any payment made pursuant to this Settlement Agreement.

5. **Sufficient Consideration; Release of Claims.** The Parties acknowledge that the consideration provided to the Plaintiff under this Settlement Agreement is sufficient. In consideration for the payments herein provided, Plaintiff to the maximum extent permitted by law, hereby irrevocably and unconditionally releases and discharges Defendant and its past or present predecessors, parent, subsidiaries, affiliates, successors, assigns, officers, directors, shareholders, attorneys, and employees, and any related or affiliated corporations or entities, and their past or present predecessors, parents, subsidiaries, affiliates, successors, assigns, officers, directors, shareholders, attorneys, and employees, and any person or entity acting through or in concert with any of the preceding persons or entities (all of the preceding persons and entities, all actions, claims, demands, debts, reckonings, contracts, agreements, covenants, damages, judgments, executions, liabilities, appeals, obligations, attorney's fees, and causes of action from the beginning of time to the date of this Settlement Agreement, known or unknown, asserted or unasserted, including but not limited to all claims arising under the Federal Age Discrimination in Employment Act (ADEA); Title VII of the Civil Rights Act of 1964; the Civil Rights Act of 1866; the Arkansas Civil Rights Act of 1993; and any and all other federal, state or local constitutional, statutory or common law claims; emotional distress, punitive damages, or attorney's fees and costs, and any and all other claims arising under ADEA and any and all other claims arising under any law, rule, regulation, order or decision.

**Excluded from this release are:**

- Claims that cannot be waived by law.
- Claims for enforcement of this Settlement Agreement.

6. **No Other Pending Claims.** Plaintiff agrees and represents that it has no other pending legal actions or claims against Defendant, including in any court, arbitration forum, governmental or administrative forum or agency, or other dispute resolution forum that are in any way related to the Litigation or dispute described herein.
7. **Dismissal of Litigation.** Within 30 days after receipt of the Settlement Payment, Plaintiff shall take any necessary actions to ensure that the Litigation is dismissed in its entirety, with prejudice and without costs or fees. Defendant will cooperate with Plaintiff in securing the dismissal of the Litigation as appropriate.
8. **Confidentiality.** The Plaintiff agrees that this Settlement Agreement, as well as the nature and terms of this settlement and the subject matter thereof, will be forever treated as confidential and the Plaintiff shall make no disclosure or reference to the terms of this Settlement Agreement to any person or entity, except to the Plaintiff's representative, members of Plaintiff's immediate family an, as necessary, tax preparers, provided that each such person agrees to be bound by the confidential nature of this Settlement Agreement. The Plaintiff and the Plaintiff's counsel may also make such disclosures pursuant to the court or administrative order, subpoena, or as otherwise may be required by law. The Plaintiff acknowledges and agrees that Plaintiff's promise to maintain the confidentiality of the Settlement Agreements is an important element of the consideration for and inducement of the Defendant to enter into this Settlement Agreement. The Plaintiff further agrees that the Plaintiff's breach of this Settlement Agreement's confidentiality clause constitutes irreparable harm to the Defendant. In the event of an actual or threatened confidentiality breach, the Plaintiff consents to a temporary restraining order, preliminary injunction, and/or threatened breach. Nothing in this Settlement Agreement shall preclude the Plaintiff from stating in response to any inquiry, that this dispute has been resolved by mutual Settlement Agreement and to the mutual satisfaction of the Parties, but it is expressly agreed that the Plaintiff shall make no further comment.
9. **Non-disparagement.** Each Party agrees that it shall not disparage the other Party, or any present or former officer, director, agent, or employee of either Party, whether to any current of former employee of either Party, the press or other media, or any other business entity or third party.
10. **Attorney's Fees.** Should any Party bring an action to enforce or interpret this Settlement Agreement, the prevailing party shall be entitled to an award of reasonable attorney's fees, in addition to any other relief to which the prevailing party may be entitled.
11. **Entire Agreement.** This Settlement Agreement comprises the entire agreement between the Parties and supersedes all prior oral and written agreements between them. The Settlement Agreement may not be altered, amended, or modified except by a further writing signed by the Parties.
12. **Severability.** If any of the provisions, terms, or clauses of this Settlement Agreement are declared illegal, unenforceable, or ineffective by an authority of competent jurisdiction, those provisions, terms, and clauses of this Settlement Agreement shall remain valid and binding upon both Parties.

13. **Choice of Law.** The validity and construction of the Settlement Agreement shall be governed by the laws of [jurisdiction], without regard to the principles of conflicts of [court].
14. **Severability.** A court's ruling rendering any provision(s) of this Settlement Agreement invalid or unenforceable shall or shall not affect the validity of the remaining provision of this Settlement Agreement.
15. **No Interpretation of Ambiguity Against the Drafter.** This Settlement Agreement has been negotiated and prepared by the Plaintiff. If any of the Settlement Agreement's provisions require a court's interpretation, no ambiguity found in this Settlement Agreement shall be construed against the drafter (Plaintiff).
16. **Opportunity to Consult Legal Counsel.** The Parties confirm that they have reviewed and considered this Settlement Agreement and consulted with their attorneys regarding the terms and effect thereof.
17. **Authority to Settle.** Each Party represents and warrants that the person signing this Settlement Agreement has authority to bind the Party and enter into the Settlement Agreement.
18. **Counterparts.** This Settlement Agreement may be executed in two or more identical counterparts, all of which constitute one and the same Settlement Agreement Facsimile or other electronically transmitted signatures on this Settlement Agreement shall be deemed to have the same force and effect as original signatures.


IN WITNESS WHEREOF, and intending to be legally bound, the Parties hereto have caused this Settlement Agreement to be executed as of the date(s) set forth below.

On Behalf of Defendant:

By: _____

Printed Name: _____

Title: _____

Dated: _____

On Behalf of Plaintiffs: Lola Baria Silas, Pro Se

By: *[signature]*

Printed Name: Lola Baria Silas

Title: Pro Se

Dated: June 16, 2021

# Automatic reply: Lola Silas v Walgreen Co., et al. Case 4:20-cv-1426-BSM Settlement Agreement

From:  Jane A. Kim (jkim@wlj.com)

To:  lbariaemail3@yahoo.com

Date:  Tuesday, June 22, 2021, 09:20 AM CDT

I am out of the office until Monday, June 28th. I will be checking my email periodically but will be unavailable for extended periods during the day, so my response may be delayed. If you need immediate assistance, please contact Alicia Patrick at 501.212.1295 or apatrick@wlj.com.

## Lola Silas v Walgreen Co., et al. Case 4:20-cv-1426-BSM Settlement Agreement

From: L'Baria Silas (lbariaemail3@yahoo.com)

To: jkim@wlj.com

Date: Tuesday, June 22, 2021, 09:20 AM CDT

Hello Ms. Kim,
I have not yet to have received a copy of the signed Settlement Agreement with Walgreen Co. signature for my record. I have reached my limited time to respond to the courts regarding claim and to inform them of the agreement. I am attaching my agreement and will be attach the agreement of my signature of yours and present to the courts of our decision and any other communications we have had leading up to this agreement with the absence of Walgreen Company signature.

Sincerely,

Lola Silas
501-992-8441

 IN THE UNITED STATES DISTRICT COURT Settlement Agreement.doc
44.5kB

# SILAS V WALGREEN CO., ET AL. SETTLEMENT AGREEMENT AND TAX FORM

From: L'Baria Silas (lbariaemail3@yahoo.com)

To: jkim@wlj.com

Date: Wednesday, June 16, 2021, 08:00 PM CDT

HELLO MS. KIM,

PLEASE SEE ATTACHMENT

LOLA SILAS

📄 06162021205849.pdf
165.4kB

## Confidential Settlement Agreement, General Release and Waiver

This Settlement Agreement, General Release and Waiver (the "Agreement and Release") is made and entered into by and between Lola Silas, on behalf of himself/herself, his/her agents, representatives, attorneys, assigns, beneficiaries, heirs, executors and administrators (hereinafter collectively referred to as "Employee"), and Walgreen Co., along with each and all of its parent, subsidiaries, divisions, affiliates, joint ventures, officers, directors, employees and other representatives (collectively referred to as "Walgreens" or the "Company").

**1. General Release and Waiver.** Employee agrees to dismiss with prejudice all of her claims and causes of action that she asserted or could have asserted against the Company in the action pending in the United States District Court for the Eastern District of Arkansas, styled *Silas v. Walgreen Co.*, Case No. 4:20-cv-01426-BSM, or any other pending action. Employee further agrees to resolve all claims and disputes which now exist or may ever have existed between Employee and the Company, and in consideration of and subject to the performance by the Company of its obligations under this Agreement and Release, Employee waives and releases any and all claims, known or unknown, arising on or before the date Employee signs this Agreement and Release, that Employee has or might have against the Company, its parents, subsidiaries, affiliated companies, predecessors, successors, and assigns, as well as all of its and their past and present officers, directors, managers, employees, attorneys, and agents (collectively "Released Parties") to the fullest extent permissible under applicable federal, state and local laws, subject only to the exceptions identified in paragraph 3 below. These waived and released claims include but are not limited to: (i) claims that in any way relate to Employee's employment, separation from employment and other dealings of any kind with any Released Party or Parties; (ii) claims of unlawful discrimination, harassment, retaliation or other alleged violations arising under federal, state, local or others laws and regulations, including but not limited to claims arising under the federal Age Discrimination in Employment Act (ADEA); Title VII of the Civil Rights Act of 1964; the Civil Rights Act of 1866; the Arkansas Civil Rights Act of 1993; the Employee Retirement Income Security Act (ERISA); the Americans with Disabilities Act (ADA); the Worker Adjustment and Retraining Notification Act (WARN); and the Family and Medical Leave Act (FMLA); and any and all other federal, state or local constitutional, statutory or common law claims, now or hereafter recognized; (iii) claims of wrongful discharge, emotional distress, defamation, misrepresentation, fraud, detrimental reliance, breach of alleged contractual obligations, promissory estoppel, negligence, assault and battery, and violation of public policy; and (iv) claims for monetary damages, other personal recovery or relief, costs, expenses, and attorneys' fees of any kind.

**2. Claims Not Waived and Released.** The only claims not waived and not released by Employee under paragraph 2 are (i) claims arising after the date that Employee signs this Agreement and Release; (ii) any claim that as a matter of law cannot be waived; and (iii) claims for benefits that are specifically described and provided for in this Agreement and Release.

**3. Waiver of Rights.** Employee hereby waives all rights to sue or obtain equitable, remedial or punitive relief from any or all Released Parties of any kind whatsoever in respect of any claim released pursuant to paragraph 2, including, without limitation, reinstatement, back pay, front pay, and any form of injunctive relief.

**4. Knowledge of Potential Claims.** Employee represents that Employee is not aware of any claim by Employee other than the claims that are released by this Agreement and Release.

**5. Consideration.** Provided Employee executes this General Release and provides completed W-9 to the Company and does not revoke this General Release within the time period permitted hereafter, Employee will receive the following:

    a) Within 30 days following Employee's execution of this Agreement and Release, the gross sum of $15,000 to be allocated as follows:

2339281-v1

1. $7,500, less all applicable legal withholdings, in settlement of any claims for severance pay, lost wages or bonuses Employee may have against the Released Parties;

2. $7,500, for which Employee shall receive a Form 1099, in settlement of any claims for alleged tort and/or liquidated damages Employee may have against the Released Parties.

In exchange for Employee's release and waiver as part of this Agreement and Release, Employee acknowledges that Employee is receiving adequate consideration that exceeds that to which Employee is entitled apart from this Agreement and Release, and Employee further understands that the above consideration does not include salary, wages or benefits to which Employee was already entitled. Employee understands and agrees that Employee will not receive the consideration described above unless Employee executes this Agreement and Release and does not revoke this Agreement and Release within the time period permitted hereafter. Such consideration will not be considered compensation for purposes of any employee benefit plan, program, policy or arrangement maintained or hereafter established by the Company or its Affiliates; and

Employee acknowledges that he/she does not have any claims of sexual harassment or sexual abuse against the Company and, therefore, has not asserted any allegations of sexual harassment or sexual abuse. Employee further acknowledges that none of the consideration set forth above is related to sexual harassment or sexual abuse allegations or claims.

**6. Non-Admissions.** Nothing in this Agreement and Release constitutes or shall be portrayed or regarded as an admission of any wrongdoing, fault, violation, liability, or unlawful activity by the Company or any Released Party.

**7. Consequences of Breach by Employee.** The consideration provided under this Agreement and Release is conditioned on compliance with all of Employee's commitments set forth in this Agreement and Release. In the event of any breach of this Agreement and Release by Employee, the Company shall be entitled to discontinue and recover the consideration described in paragraph 5 otherwise payable to Employee, except for $200 to be retained by Employee as consideration for enforcement of non-breached provisions of the Agreement and Release

**8. No Future Employment.** Employee promises not to seek or accept future employment with the Released Parties in any position or capacity. Employee further agrees that any application for re-employment may be rejected without explanation or liability pursuant to this provision.

**9. References.** Employee shall direct all prospective employers to the Walgreens Workline at 1-800-367-5690, which will only confirm Employee's dates of employment and title and provide no additional information about his or her employment.

**10. Severability.** In the event that any portion of this Agreement and Release is held by a court of competent jurisdiction to be invalid or unenforceable, the invalid or unenforceable portion shall be construed or modified in a manner that gives force and effect, to the fullest extent possible, to all other portions and provisions of this Agreement and Release. If any invalid or unenforceable portion of any provision in this Agreement and Release cannot be construed or modified to render it valid and enforceable, that portion shall be construed as narrowly as possible and shall be severed from the remainder of this Agreement and Release, and the remainder of this Agreement and Release (including the remainder of the section, paragraph, subparagraph or sentence containing any invalid or unenforceable words) shall remain in effect to the fullest extent possible.

**11. OWBPA Provisions – Additional Understandings.** In compliance with the Older Workers Benefit Protection Act ("OWBPA"), the Company and Employee agree to the following:

a) <u>Understandability</u>. This Agreement and Release is written in a manner calculated to be understood by the Employee, and Employee understands all terms of this Agreement and Release;

b) <u>Age Discrimination Waiver</u>. This Agreement and Release includes a waiver and release of claims under the ADEA as described in paragraph 2 above;

c) <u>No Future Waiver</u>. This Agreement and Release only waives and releases claims and rights arising prior to the date Employee signs this Agreement and Release;

d) <u>Valid Consideration</u>. In exchange for Employee's release and waiver as part of this Agreement and Release, Employee acknowledges that Employee is receiving adequate consideration that exceeds that to which Employee is entitled apart from this Agreement and Release;

e) <u>Employee Advised to Consult with an Attorney</u>. By this Agreement and Release, the Company advises Employee to consult with an attorney before signing this Agreement and Release;

f) <u>Period to Consider this Agreement and Release</u>. Employee has been given a period of 21 calendar days in which to consider this Agreement and Release, and to decide whether Employee wishes to sign it;

g) <u>Period to Revoke Agreement and Release</u>. After Employee signs this Agreement and Release, Employee has seven calendar days in which Employee can revoke this Agreement and Release unless the Employee resides or is employed in the state of Minnesota, in which case the Employee has 15 days after the execution of this Agreement and Release to revoke it. The Company and Employee agree that, to revoke this Agreement and Release, Employee must notify the Company in writing that Employee is revoking this Agreement and Release. Notice of revocation must be received by the Vice President, Employment Law, within the seven-day period: Mail: 104 Wilmot Road M.S. #144W, Deerfield, Illinois 60015; Fax: (847) 368-6805. If Employee revokes this Agreement and Release, he/she will not receive any of the consideration set forth in paragraph 7 above; and

h) <u>Effective Date</u>. This Agreement and Release shall not become effective or enforceable until the seven-day revocation period described above has expired with no revocation by Employee.

**12. Agreement and Release Not Signed Before Separation Date.** Employee represents and agrees that Employee has waited until on or after the Separation Date before signing this Agreement and Release.

**13. Complete Agreement and Release.** This Agreement and Release constitutes the parties' entire agreement and cancels, supersedes, and replaces any and all prior proposals, understandings, and agreements (written, oral or implied) regarding all matters addressed herein, except Employee shall continue to be bound by all obligations set forth in any prior agreements, undertakings, waivers and assignments involving confidential information, inventions, non-competition, non-solicitation, non-inducement, patents, copyrights, trademarks and other intellectual property, and compliance with laws and policies. The terms of this Agreement and Release may not be altered or modified except by written agreement of Employee and the Company. In connection with this Agreement and Release's acceptance and execution, neither Employee nor the Company is relying on any representation or promise that is not expressly stated in this Agreement and Release.

[*Signatures on Following Page.*]

**EMPLOYEE HAS READ EVERYTHING IN THIS AGREEMENT AND RELEASE, UNDERSTANDS IT, AND SIGNS THIS AGREEMENT AND RELEASE VOLUNTARILY AND INTENDING TO BE BOUND BY IT.**

Dated: 6/16/2021

_____
Employee

Dated: _____

_____
On behalf of the Company

4

## Lola Silas v Walgreen Co., et al : Settlement Agreement

From: L'Baria Silas (lbariaemail3@yahoo.com)

To: jkim@wlj.com

Date: Monday, June 21, 2021, 12:11 PM CDT

hello ms. Kim,

I have not yet to recieve a copy of agreement with Walgreen Signature of same date as mine that is agreed. please forward immediately.

lola silas
502.992.8441
Sent from Yahoo Mail on Android